UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LAFAYETTE DEANDRE VAN, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 10-210-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ERIC WILSON, *Warden*, | ) | **AND** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Lafayette Deandre Van, confined in the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2.] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001). The Court must, however, dismiss any petition that "is frivolous, or obviously lacking in merit..." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

Van alleges that his federal conviction for being a felon in possession of a firearm was based on insufficient evidence; that his sentence should not have been enhanced pursuant to federal statute; and that his current sentence violates the Due Process Clause of the United States Constitution. Because Van failed to avail himself of a prior remedy, and because he fails to establish either that he is actually innocent of the felon-in-possession charge of which he was convicted, or that he is

otherwise entitled to relief under § 2241, his petition will be denied, and this action will be dismissed with prejudice.

**I.**

A federal jury in Minnesota convicted Van of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *See United States v. Van*, No. 07-102, 2007 WL 6872195 (D. Minn., August 15, 2007). Based on Van's criminal history, which consisted of a robbery conviction, three convictions for selling crack cocaine,[2] and a racketeering conviction, the Presentence Investigation Report recommended enhancement of his sentence under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").[3] The trial court agreed, treated Van's three prior drug convictions as separate offenses and applied the ACCA fifteen-year mandatory minimum sentence. Under the advisory sentencing guidelines, the resulting prison term range was 235-293 months. Van received a 213 month sentence.

On appeal, Van argued that the evidence was insufficient to convict him and that the ACCA fifteen-year mandatory minimum sentence did not apply because: (1) his three prior state court convictions for selling crack cocaine were part of one criminal episode; (2) he had contemporaneously pled guilty to racketeering, and his three drug transactions constituted a pattern of illegal activity; and (3) he was the victim of improper sentencing manipulation.

The Eighth Circuit affirmed Van's sentence. *See United States v. Van*, 543 F.3d 963 (8th Cir.

---

[2] Van was convicted in the Minnesota state courts of one count of selling crack cocaine on August 15, 2002, and two counts of selling crack cocaine on August 22, 2002.

[3] Under 18 U.S.C. § 924(e), a person is considered an armed career criminal if the present conviction is for a violation of § 922(g) and if he has at least three prior convictions of committing a violent felony or a serious drug offense, or both. The three prior convictions must have been committed on different occasions.

2008). The court held that there was sufficient evidence to support Van's conviction for being a felon in possession of a firearm, and that the trial court properly applied the ACCA to him. *Id*. at 965-66. Although Van conceded that his robbery conviction was a predicate violent felony offense under the ACCA, he argued that because his prior drug convictions were part of one criminal episode, they should have counted as only one predicate offense. The Eighth Circuit disagreed, finding that because Van's prior convictions for crack sales on August 15 and August 22, 2002 were distinct criminal episodes, they counted as two predicate offenses.[4] Those two convictions, combined with the prior robbery conviction, resulted in the three predicate offenses required under the ACCA. *Id*.[5] Van did not file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Nor does he allege he has filed such a motion.

## II.

Van also alleges that his sentence was imposed without due process of law, in violation of the Fifth Amendment of the United States Constitution. Specifically, Van challenges the sufficiency of the testimony and evidence used to convict him at trial and alleges that the government failed to connect him to the gun that the police found. Van also challenges the decision affirming his conviction and sentence, arguing that the Eight Circuit misstated the facts, ignored key forensic evidence, relied on inaccurate testimony and evidence, and ignored certain issues he raised on

---

[4] The panel found it unnecessary to decide whether Van's two convictions for selling crack cocaine on August 22, 2002 were distinct predicate offenses. *See Van*, 543 F.3d at 966. These underlying sales occurred one-half hour apart. *See id*.

[5] The court explained that predicate offenses under the ACCA are limited to those committed on different occasions, and that each distinct criminal episode is a separate predicate offense, regardless of the date of conviction or the number of trials or pleas. *Id*.

appeal. He seeks release from custody as a remedy.

## III.

Van is not entitled to relief under § 2241 because he does not assert a legitimate claim of actual innocence. Nor does he cite a retroactively applicable Supreme Court case that affords him relief. Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at *6 (E.D. Tenn., August 17, 2010). The "savings clause" in § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that [he] has failed to apply for relief, by [filing a § 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e).

The petitioner carries the burden of demonstrating that the savings clause applies. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied ..., or because the petitioner is procedurally barred from pursuing relief under § 2255 ..., or because the petitioner has been denied permission to file a second or successive motion to vacate.

*Id*. Furthermore, the § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. *Id*. at 758. Van cannot show in this action that his § 2255 remedy was inadequate or ineffective to challenge the legality of his detention because he did

4

not file a § 2255 motion.

A movant can also invoke the savings clause when he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). Actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Van does not specifically allege that he is "actually innocent" of being a felon in possession of a firearm in violation of § 922(g). Instead, he argues that an attack on the sufficiency of the evidence is tantamount to a claim of "actual innocence." Any construed claim of "actual innocence" fails for three reasons. First, a jury convicted Van of the § 922(g) offense after hearing testimony and evaluating all evidence. On appeal, the Eighth Circuit affirmed the conviction and sentence, noting that two witnesses had testified that they saw Van enter apartment building with a gun in his hand; that a third witness, in whose apartment the police found both Van and the gun, testified that Van admitted putting the gun in the witness's bedroom; that Van lied to police about how long he had been in the witness's apartment; and that Van had gunshot residue on his hand. *Van*, 543 F.3d at 964-65. Although Van continues to challenge the adequacy of evidence used to convict him, a federal court in a § 2241 post-conviction proceeding is entitled to rely on the factual conclusions given on direct appeal. *Whitener v. Snyder*, 23 Fed. App'x 257, 259 (6th Cir. 2001); *Myers v. United States*, 198 F.3d 615, 619 (6th Cir. 1999). Because a jury found Van guilty of the § 922(g) offense and the Eighth Circuit concluded that sufficient evidence supported the conviction, any claim of

"actual innocence" of the felon-in-possession charge fails.

Second, Van has not cited to an intervening change in the law that establishes his actual innocence. *See Bousley*, 523 U.S. at 620; *Enigwe v. Bezy*, 92 Fed. App'x 315, 317 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."); *Copeland v. Hemingway*, 36 Fed. App'x 793, 795 (6th Cir. 2002) (same).

Third, to the extent that Van challenges his ACCA-enhanced sentence, his claim is, at best, one of "legal innocence," and not "actual innocence." This Court and other courts in this circuit have determined that when a § 2241 petitioner challenges the enhancement of his sentence, he does not assert a claim of actual innocence. *Cf. Howard v. Shartle*, No. 4:10-CV-01128, 2010 WL 2889104, at *2 (N. D. Ohio July 20, 2010); *Dismuke v. United States*, No. 10-179-GFVT, 2010 WL 2859079, at *4 (E. D. Ky., July 19, 2010); *McClurge v. Hogsten*, 10-CV-66-GFVT, 2010 WL 2346734, at *4 (E. D. Ky., June 10, 2010). Consequently, Van's challenge to his enhanced sentence is insufficient to invoke the savings clause of § 2255 and the provisions of § 2241.

Van has not shown either that he is actually innocent of being a felon in possession of a firearm in violation of § 922(g), or that a retroactively applicable Supreme Court decision affords him relief. Thus, he is not entitled to relief under § 2441. His petition will be denied, and this action will be dismissed with prejudice.

## IV.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Lafayette Deandre Van's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, [R. 2], is **DENIED**;

(2) This action is **DISMISSED** with prejudice; and

(3) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Eric Wilson, Warden, USP-McCreary .

This the 23rd day of June, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge